# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 26-3084 |
| | ) | |
| Appellee, | ) | **MOTION TO WITHDRAW AS** |
| | ) | **COUNSEL** |
| v. | ) | |
| | ) | |
| GODWIN OBOT, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

Now comes undersigned counsel and hereby moves this Honorable Court for an order allowing him to withdraw as counsel for Defendant Godwin Obot in the above-captioned matter.

Mr. Obot has previously expressed his desire to represent himself in the district court matter, as detailed below. Now, too, Mr. Obot seeks to represent himself in the appeal pending before this Court.

At his arraignment on July 25, 2025, United States Magistrate Judge Jonathan D. Greenberg appointed Assistant Federal Defender Darin Thompson to represent Mr. Obot. (July 25, 2025, Minute Entry, RE N/A.) Thereafter, on November 3, 2025, Mr. Thompson filed a motion for a hearing with the District Court, explaining that Mr. Obot "has advised that he would like to proceed *pro se* in the defense of his case." (Motion for Hearing, RE 17.) The District Court then held a hearing on November 18, 2025, to address Mr. Obot's motion and decided to appoint new counsel. (Nov. 18, 2025, Minute Entry, RE N/A.) On November 20, 2025, the District Court appointed undersigned counsel to represent Mr. Obot in the District Court case. (Nov. 20, 2025, Appointment, RE N/A.)

On January 2, 2026, undersigned counsel filed a Motion to Revoke Order of Detention Pending Trial. (Motion to Revoke Order of Detention, RE 20.) Shortly thereafter, on January 21, 2026, the District Court held a hearing on Defendant's motion. After consideration of the

1

testimony and proffers presented, the District Court denied Mr. Obot's motion and ordered his continued detention pending trial. (Jan. 21, 2026, Minute Entry, RE N/A.) Mr. Obot then requested a Status Conference to express his dissatisfaction with current representation and his desire to represent himself. (Motion for Status Conference, RE 22.)

During the Status Conference on January 29, 2026, the District Court addressed several of Mr. Obot's concerns, including his medical treatment. (Jan. 29, 2026, Minute Entry, RE N/A.) As detailed in the Minute Entry, Mr. Obot wavered between a desire to have undersigned counsel continue representing him and his desire to represent himself *pro se*:

> Mr. Obot addressed concerns relating to his current medical treatment. The [District] Court and counsel addressed those issues, and as a result, Mr. Obot advised the [District] Court that he wishes to have Mr. Kolansky continue to represent him, however after the [District] Court advised Mr. Obot that he will not be permitted to be seen by his former physician in Minnesota, he then stated that he wishes to represent himself pro se. The [District] Court then asked some questions regarding the waiver of the right to counsel and advised Mr. Obot to think through whether he wished to have the assistance of counsel or to represent himself. At the next status conference set for March 9, 2026 at 12:00 p.m., the [District] Court will revisit this issue.

(*Id.*) Based on these discussions with the District Court, undersigned counsel has continued to represent Mr. Obot in that matter.

After additional discussions with Mr. Obot, undersigned counsel filed a Notice of Appeal to the Sixth Circuit Court of Appeals from the order denying the Motion to Revoke Detention Order. (Notice of Appeal, RE 23.) This Court extended undersigned counsel's appointment to the appeal. (RE 2.) Additionally, an expedited briefing schedule has been set with Mr. Obot's principle brief due on March 13, 2026. (RE 5.)

Despite ongoing efforts to maintain a workable attorney-client relationship, Mr. Obot has again expressed his lack of trust in undersigned counsel, his desire to terminate the relationship, and his request to proceed *pro se*. Indeed, it is now evident that undersigned counsel and Mr.

Obot have irreconcilable differences which make the continued representation of Mr. Obot untenable in both the District Court case and the appeal pending before this Court. Counsel believes it is in the best interest of Mr. Obot to withdraw as counsel of record. Mr. Obot has again expressed his intention to proceed *pro se*, both in the District Court matter and with regard to his appeal now pending before this Court.[1]

    WHEREFORE, undersigned counsel respectfully requests that he be allowed to withdraw as counsel of record for Defendant.

    Respectfully Submitted,

*/s/ Robert J. Kolansky*
Robert J. Kolansky (0104398)
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: (216) 363-4575
rkolansky@beneschlaw.com
*Attorney for Defendant Godwin Obot*

---

[1] Simultaneously with this motion, undersigned counsel will file a motion to withdraw from representing Mr. Obot in the District Court matter.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Robert J. Kolansky*
Robert J. Kolansky (0104398)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
127 Public Square Suite 4900
Cleveland, OH 44114-1304
rkolansky@beneschlaw.com
Telephone: (216) 363-4575
*Attorney for Defendant Godwin Obot*